## Case No. 8,869.

### McLANAHAN v. ELLERY.

[3 Mason, 269.] [1]

Circuit Court, D. Massachusetts.    Oct. Term, 1823.

PARTNERSHIP—DISSOLUTION—DIVISION OF CREDITS —ASSIGNMENT BY PARTNER—RIGHT OF AS-SIGNEE AGAINST DEBTOR.

Where a firm put a debt, after the dissolution of the partnership, at the disposal of one partner, and gave information of it to the debtor, such partner has a right to assign it as security for his private debt, and in equity the assignee may maintain a suit for it against the debtor.

Bill in equity. The bill stated, that in the month of September, 1818, the mercantile house of Dorsey & McLanahan of New Orleans, of which house the plaintiff was the surviving partner, sold to one Frederic Montgomery, of Marseilles in France, goods to the value of $15,000. That previous to that sale, the said F. Montgomery had been a partner of the house of Montgomery, Fitch & Company, of said Marseilles, and that whilst so a partner, John S. Ellery, the defendant, became indebted to the said house of Montgomery, Fitch & Co. to the amount of $4097 15. That on the thirty-first of June, 1818, and after said Frederic Montgomery had dissolved his connexion with the said house of Montgomery, Fitch & Co., the said house addressed a letter to said Ellery, which they dated as follows, "We have handed to Mr. F. Montgomery an extract of your account current, being now in liquidation of our concerns while he was a partner. In the event you have not already taken dispositions for remitting us by some of your ships, it will accommodate us very much if you will hold the balance at his disposal;" which letter the defendant received, enclosed in one from said F. Montgomery, and to which last he replied in February, 1818, promising to pay the balance so due from him, in Boston, in the course of the ensuing summer, provided the said balance had not been already remitted to Marseilles or paid by one Samuel B. Edes, whom he had entrusted to pay the same, in the event of his

[1] [Reported by William P. Mason, Esq.]

selling a cargo of elephant's oil belonging to the defendant at Gibraltar; which balance the bill stated, was not remitted by said Edes, or ever paid by said Ellery. That said F. Montgomery, on the thirteenth March, 1819, in order to secure to the plaintiff, as surviving partner of the house of Dorsey & McLanahan, the amount so due to that house from said F. Montgomery, for the goods purchased as beforementioned, drew a bill of exchange on said Ellery, payable to the order of the plaintiff, for the sum of $4000, showing to the plaintiff at the time the correspondence between said Montgomery and the defendant, relative to said balance of account; and that said F. Montgomery did also, at the same time, assign over to the plaintiff, in due legal form, the said balance. That the bill of exchange was presented to the defendant, and notice given him of the said assignment, but that he refused to accept the said bill or to pay over the said balance to the plaintiff.

The defendant in his answer admitted the facts as set forth in the bill, and stated that the only reason for refusing to pay the said F. Montgomery in the first instance, and afterwards the complainant, the balance so due from him, was his apprehensions that said Edes might pay it for him in Europe, either by the remittance of money or merchandise, the said Edes being in India, and not in a situation to receive intelligence from him the said Ellery. That some time in the latter part of the summer of 1820, Messrs. Munson & Barnard, of said Boston, as agents of Asa Fitch, Jun., who claimed to be the liquidator of the concerns of Montgomery, Fitch, & Co., called upon the defendant, and handed him a letter written to the defendant by said Fitch, dated March 1, 1820, enclosing a printed circular, bearing date February 28, 1820, giving notice of the dissolution of the firm of Montgomery, Fitch & Co., and that said Fitch was exclusively charged with the liquidation of the concern, and that the said letter stated to the defendant, that he said Fitch had authorized said Munson & Barnard to call on the defendant for the balance of account due Montgomery, Fitch & Co., as stated on the 30th June, 1818, and given them a power of attorney to receive it. That the said letter also enclosed an open letter addressed to the defendant by said F. Montgomery, dated February 18, 1820, in which he said, "Having been requested by Messrs. Montgomery, Fitch & Co. to settle your account with these gentlemen as per their letter to you under date of the 30th June, 1818, I made over and drew on you for the same, order of James J. McLanahan, Esquire, and by my respects of the 13th March, 1819, you were authorized to understand with him on that business. This cession having been made after I learned the unfortunate necessity that my friends were under of suspending their payments on the 4th January, 1819, and not having been debited with same in my account with them, I have no claim to

this debt, which can only be disposed of by Messrs. Montgomery, Fitch & Co., and I hereby renounce all pretensions thereto, and annul the cession made to Mr. McLanahan, of which you will please take due note." And that the said Messrs. Munson & Barnard also exhibited to the defendant a paper, purporting to be an agreement made between one Francis Clapier, as attorney of the plaintiff, on the one part, and by Montgomery, Fitch & Co. on the other, being dated the 20th June, 1819, in which the said Clapier, for the said plaintiff, released all his claims upon said Montgomery, Fitch & Co., as acceptors of four bills of exchange, amounting together to the sum of 56,500 francs, and one other for the sum of 32,700 francs, reserving, however, all the plaintiff's rights against the said F. Montgomery. That the said instrument also contained, on the back thereof, a receipt of the said Clapier, in which he acknowledged to have received certain sums of money on account of the said bills, which receipt bore date November 2, 1819; and that the defendant having declined to account with said Munson & Barnard in consequence of his engagements to the plaintiff, the said Munson & Barnard, on the 2d September, 1820, instituted a suit against him in the name of Montgomery, Fitch & Co., to recover said balance, which suit was still pending in the supreme court of Massachusetts. The cause came on for a hearing upon the bill and answer and documents, all the papers being admitted to be duly proved.

Mr. Webster, for plaintiff.
Mr. Hubbard, for defendant.

STORY, Circuit Justice. There is no controversy as to the facts in this case; the principal question is, whether the bill of exchange and assignment to the plaintiff, stated in the bill and answers, were sufficient to pass a title to the property, to the plaintiff. The substance of the case is this; the defendant owed a debt to the firm of Montgomery, Fitch & Co. of Marseilles. On the dissolution of their partnership they apprized the defendant that they had put that debt "at the disposal" of one of the partners, F. Montgomery, and requested him to pay it accordingly. The defendant assented to it, provided the debt was not paid by an agent of his, then expected to go with his ship to Marseilles. The debt was not paid by the agent. In the meantime, F. Montgomery, being indebted to the plaintiff (as surviving partner of a firm at New Orleans,) as security for that debt drew a bill of exchange for the supposed balance in the hands of the defendant, and two days afterwards executed an assignment of the same balance to the plaintiff. The bill was refused acceptance by the defendant, and the assignment was duly notified to him. Upon these transactions, there can be no doubt that in equity the debt passed by the assignment to the plaintiff, unless the partner was incompetent to assign it for his own private debt. Assuming that, as partner, he was so incompetent, yet it is very clear, that the partners, by putting it at his disposal, and requesting the payment to be made to him, gave him an absolute right to receive it, or dispose of it, in any manner he might choose. In short, as to any third person, he became the complete proprietor. If any doubt could remain on this point, it is completely extinguished by the subsequent ratification of the other partners, as to this very assignment, contained in the letter of Fitch addressed to Messrs. William & J. Brown, in June, 1819. The assignment then was originally good and valid, and the defendant has shown nothing to prevent its full operation. The subsequent attempt of F. Montgomery to defeat this assignment, by a revocation, is entirely void. He can no more take away this, than any other security bona fide given to his creditor. The negotiation in Marseilles by Mr. Clapier, as agent of the plaintiff, absolved the firm of Montgomery, Fitch & Co. only, from liability to the plaintiff; but left his rights as a creditor in full force against F. Montgomery. The debt therefore, for which the assignment was given as security, remaining unpaid, the plaintiff is entitled to a decree for the amount of the balance in the hands of the defendant; and I shall accordingly so declare. Decree accordingly.

---

McLANAHAN (NELLIS v.). See Case No. 10,099.

McLANE (GWATHNEY v.). See Case No. 5,882.

McLANE (MURRAY v.). See Case No. 9,964.

McLAREN (HARRISON v.). See Case No. 6,139.